B1 (Official Form 1) (12/11)

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**HS 45 John LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all):   **47-1858649** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**45 John Street**<br>**New York, NY**<br>ZIPCODE **10038** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>**New York** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☑ Single Asset Real Estate as defined in 11<br>U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7    ☐ Chapter 15 Petition for<br>☐ Chapter 9       Recognition of a Foreign<br>☑ Chapter 11     Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13     Recognition of a Foreign<br>                         Nonmain Proceeding |
| **Chapter 15 Debtor**<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by,<br>regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under<br>Title 26 of the United States Code (the<br>Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer   ☑ Debts are primarily<br>debts, defined in 11 U.S.C.         business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals<br>only). Must attach signed application for the court's<br>consideration certifying that the debtor is unable to pay fee<br>except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals<br>only). Must attach signed application for the court's<br>consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less<br>than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in<br>accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001<br>to $10 million | $10,000,001<br>to $50 million | $50,000,000 to<br>$100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001<br>to $10 million | $10,000,001<br>to $50 million | $50,000,000 to<br>$100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1 (Official Form 1) (12/11)                                                                                    Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **HS 45 John LLC** |
|---|---|

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed:**None** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: **None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
Signature of Attorney for Debtor(s)                Date

**Exhibit C**
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

**Exhibit D**
(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/11)                                                                                                      Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**HS 45 John LLC** |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Debtor<br><br>X _____<br>    Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br>(Check only one box.)<br>☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br>☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>    Signature of Foreign Representative<br><br>_____<br>Printed Name of Foreign Representative<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Petition Preparer |
|---|---|
| X _____<br>    Signature of Attorney for Debtor(s)<br><br>**Kevin J. Nash<br>Goldberg, Weprin, Finkel,<br>Goldstein, L.L.P.<br>1501 Broadway, 22nd Floor<br>New York, NY 10036<br>(212) 221-5700<br>KNash@GWFGlaw.com**<br><br>_____<br>Date<br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br>    Signature<br><br>_____<br>Date<br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

| Signature of Debtor (Corporation/Partnership) |
|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Authorized Individual<br>**David L. Smith**<br>Printed Name of Authorized Individual<br>**Manager**<br>Title of Authorized Individual<br>2/20/15<br>Date |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:                                                    Chapter 11

HS 45 JOHN, LLC                                           Case No.

                          Debtor.
------------------------------------------------------------------x

## LIMITED LIABILITY COMPANY RESOLUTION

At a special meeting of the members of HS 45 John LLC (the "Company") held on

February 19, 2015 and after motion duly made, seconded and unanimously carried, it was:

> **RESOLVED**, that David L. Smith, as manager of the Company, is authorized to execute a bankruptcy petition under Chapter 11 of the United States Bankruptcy Code on behalf of the Company and to cause the filing thereof on behalf of the Company; and it is further

> **RESOLVED**, that the Company is authorized to retain the law firm of GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP, as bankruptcy counsel for the purpose of filing the Chapter 11 petition on its behalf.

Dated: New York, New York
       February 19, 2015

                              HS 45 JOHN, LLC

                              By:    _____
                                     Name:  David L. Smith
                                     Title:   Manager

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:                                                          Chapter 11

HS 45 John, LLC,                                                Case No.

                          Debtor.
-------------------------------------------------------x

## DEBTOR'S DECLARATION
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK )

   David L. Smith declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

   1. I am the manager of HS 45 John, LLC (the "Debtor") by virtue of my status as Trustee of The John St. Trust, which holds the equity interest of the Debtor for the benefit of Harry Sohn.

   2. I submit this Declaration in accordance with Local Bankruptcy Rule 1007-2 in support of the Debtor's filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code.

   3. The purpose of this Declaration is to provide information regarding the Debtor's business, the circumstances prompting the Chapter 11 filing, the Debtor's assets and capital structure, and the Debtor's strategies for reorganization. Indeed, the bankruptcy filing was precipitated by a unique set of facts that requires a prompt resolution of competing claims that a Bankruptcy Court can best provide.

## The Debtor's Business and the Need for Chapter 11

4.      To begin with, the Debtor is a special purpose limited liability company, currently under contract to purchase real property located at 45 John Street, New York, NY (Block 78, Lots 1701-1787) (the "Property"). The Property is owned by an entity known as 45 John Lofts LLC (the "Seller"), which entered into a comprehensive Agreement of Purchase and Sale dated September 10, 2014 (the "Contract") to sell the Property to the Debtor for a total purchase price of $65.9 million.

5.      The purchase consists of cash payments of $17.5 million (including a down payment of $14.33 million) and the Debtor's assumption of the principal amounts owed in connection with existing mortgage debt encumbering the Property totaling $48.4 million. The Contract contemplated a relatively prompt closing in 75 days, or by early December 2014.

6.      Pending the closing, the Debtor entered into actual possession of the Property pursuant to the management provisions under the Contract. The Property is currently vacant and was purchased for commercial and residential development. The Debtor hoped to obtain a head start in the development by taking immediate possession of the Property, while it either negotiated new mortgages with the existing lender or it obtained new financing.

7.      The fact that the Debtor is in possession of the Property is an important element of the Chapter 11 filing since it places the Property under the jurisdiction of the Bankruptcy Court. Likewise, it is also noteworthy that the cash deposit of $14.33 million was already paid directly upon execution of the Contract without an escrow, and the small balance, of only $2.67 million was effectively a short-term obligation to the Seller, with numerous offsets set forth in the Contract.

8.    Payment was made, possession was delivered, and, in effect, most of the Closing occurred. This was done in reliance upon, *inter alia*, the fact that a formal closing would occur upon a quick resolution of the financing. In fact, title insurance had been obtained on the Contract, with full payment made for it. On contract execution, the Debtor paid for and was delivered the Property.

9.    However, the Debtor subsequently learned that many of the Seller's representations and warranties in the Contract were outright misrepresentations, key among the misrepresentations were those regarding the mortgages. Contrary to the representations, the mortgages are not only alleged to be in default, but allegedly are accruing interest at the default rate of 24% per annum since July 1, 2014.

10.    The Seller apparently believes the Property may have greater value, and is stubbornly refusing to close, for its own reprehensible purposes, even though it has received the bulk of the cash portion of the purchase price. The prospect of months or years of litigation in the state courts is not a practical solution since the Property will become vulnerable to runaway default interest.

11.    Unfortunately, the Seller's fraudulent misrepresentations have thrown the transaction into utter turmoil. The Seller is refusing to close and interest on the alleged default on the mortgages is eating away all equity. The Seller is using the opportunity to bring unfair pressure on the Debtor to abandon the purchase. Dynamic action is needed before the situation becomes completely irreversible. For these reasons, the Debtor has chosen to file this Chapter 11 petition in a proactive effort to proceed in a forum with great experience in dealing with competing and adverse interests to property.

12.     The Debtor's right to terminate the Contract based on the Seller's default is not a viable remedy since, it is believed, the deposit has disappeared. Accordingly, the Debtor needs to close and hopes to use Chapter 11 to position the Property for a prompt closing and repayment of the mortgages. To this end, the Debtor is coupling the filing of the petition with the simultaneous filing of an adversary proceeding for specific performance and other relief, with a proposed order shortening the time to answer and setting a prompt trial date. Any delay will financially destroy the Debtor.

13.     For purposes of bankruptcy, the Contract constitutes a valuable property right capable of enforcement under 11 U.S.C. § 365. Additionally, since the Debtor remains in actual possession of the Property, the Bankruptcy Court also has a nexus to exercise jurisdiction over the Property to the extent necessary to facilitate resolution of the outstanding claims so a closing can proceed.

14.     Without the oversight of the Bankruptcy Court, the Debtor faces the dire prospect of an interminable delay and the resulting loss of a sizable investment to the detriment of its own creditors and members. The Debtor stands ready, willing, and able to close on the terms set forth in the Contract, and believes Chapter 11 represents the best alternative available.

### The Misrepresentations under the Contract

15.     For the purposes of the Contract, the outstanding mortgage loans were defined to include only principal balances, with the Seller responsible for all other charges including interest.

16.     The Contract contains a schedule of existing mortgages encumbering the Property (collectively the "Mortgages"), held by affiliates of Madison Realty Capital ("Madison") known as SDF81 45 John Street 1 LLC and SDF81 45 John Street 2 LLC

(collectively, the "Madison Lenders"). Pursuant to the Contract, the Mortgages were expressly represented by the Seller to amount to no more than $48.4 million, without accruing interest, itemized as follows:

| | |
|---|---|
| Mortgage No. 1 | $39,000,000 |
| Mortgage No. 2 | $ 6,000,000 |
| Mortgage No. 3 | $ 3,400,000 |

17.     The Seller also represented that as of execution of the Contract on September 19, 2014, and as of the intended closing date (75 days thereafter), the Mortgages were not, and would not, be in default.

18.     These representations constituted a material inducement to the transaction since the Debtor's agreement to effectively assume the Mortgages was not open-ended and limited only to the principal balances. The representation relating to a lack of a mortgage default is clearly set forth in paragraph 7.1.12 as follows:

> 7.1.12   Seller has provided to Purchaser all of the loan documents regarding the mortgages presently encumbering the Property. The mortgages are not in default. Seller has not received written notice that any of the mortgages are in default and Seller is not aware of any fact or matter that could constitute a default by Seller under any of the loan documents. The principal balances of the Loans are set forth on Exhibit D. Seller will not modify the loan documents between the date hereof and the Closing Date.

19.     A reserve of $1.1 million was established from the down payment to pay the debt service on Mortgages going forward for the next 75 days, pending the closing.

20.     As the manager of the Property, the Debtor intended to make the on-going mortgage payments, and sought payment information and pay-off statements from the Seller and the Madison Lenders so debt service could be paid.

21.     For all intents and purposes, such a request should have proceeded without fanfare. However, the Seller withheld all mortgage information, and then directed the Madison

Lenders not to provide statements confirming outstanding balances, interest rates and other charges.

22.    The Seller's conduct was inexplicable, particularly since the Seller's principals retained a potential conversion option to become a minority joint venture partner in the development. Thus, the Debtor expected cooperation from the Seller, not interference. It was only after a series of letters and threat of legal action that the Debtor was able to obtain statements in December 2014, whereupon the true reasons for the Seller's resistance became clear.

23.    Contrary to the express representations in the Contract, the statements reflected that the Mortgages had been in default since July 1, 2014, more than two months prior to the execution of the Contract. Thus, there is indisputable evidence that the Seller breached the Contract.

24.    The existence of the undisclosed mortgage defaults was especially troubling since, I am informed, the Debtor's representatives spoke directly to the Madison Lenders just prior to executing the Contract, and were advised that the Mortgages were "current."

25.    I am further informed that in recent weeks Madison has disclaimed what was said during these conversations, leading the Debtor to believe that Madison and the Seller may have conspired to misrepresent the status of the Mortgages to advance a separate agenda.

26.    Upon information and belief, the Madison Lenders and the Seller's principals are involved in several other transactions, including an earlier transaction in which the Seller actually acquired the Property from the Madison Lenders shortly before executing the Contract to resell the same to the Debtor.

6

27.    Perhaps most distressing, the Mortgages were subject to default interest charges at 24% per annum, and have accrued unpaid interest of approximately $4 million (and climbing), which the Seller has no apparent ability to pay.  Given the amounts involved, default interest is eroding the equity in the Property at an alarming rate.   In fact, upon further information and belief, given the prior relationship between the Seller and the Madison Lenders, the Seller may be directing the Madison Lenders to accrue default interest so as to impede the Contract, an area which will be explored in bankruptcy, and may lead to a basis for equitable subordination.

28.    Complicating matters still further, the Seller and its principals, Harry Miller and Sam Sprei, also failed to disclose that they owed approximately $4.0 million to another investor group.  In recent weeks, these other investors (Kang Yang and Wing Fung Chan) commenced a litigation in Supreme Court, New York County (Index No. 2014/161844) to recover their investment, and they initially obtained a TRO enjoining any transaction relating to the Property.

29.    The Debtor was not an original party to this action, but was clearly affected by its pendency and outcome. Thus, the Debtor moved to intervene and filed opposition to the motion to stay a sale.  Because the Debtor obtained title insurance with respect to the Contract, this litigation was turned over to the Debtor's title company, Old Republic.  The firm of Loeb and Loeb was engaged to represent the Debtor's interests under the Contract.

30.    On February 9, 2015, Justice Debra A. James entered a decision and order vacating the TRO and denying Kang Yang and Wing Fung Chan's motion for a preliminary injunction enjoining a sale transaction relating to the Property.

7

31.     After reviewing Justice James' decision and order, Debtor's counsel advised Seller's counsel in a letter dated February 9, 2015, that it wished to move forward immediately with the consummation of the transaction in accordance with the Contract and requested the closing by no later than the close of business on Friday, February 13, 2015. The Seller, however, ignored this demand and follow-up inquiries.

32.     In the meanwhile, Debtor learned of two other recently filed lawsuits pending against the Seller:

    (a)    Reliable Abstract Co., LLC v. 45 John Lofts, LLC and John Does 1-10, Supreme Court of New York, New York County, Index No. 653850/2014, and

    (b)    Li Lan Wu, aka, Li Lan Liao, aka, Liao Li Lan, Aiyun Chen, and Wing Fung Chau v. 45 John Lofts LLC, Sam Sprei, and Harry Miller, aka Chaim Miller, Supreme Court of New York, New York County, Index No. 150087/2015.

33.     Both suits recite a striking similar tale in which the plaintiffs, some of whom are making duplicative claims, allege that they were defrauded by the Seller and its principals with missing funds. Reliable Abstract claims to have lost more than $2,500,000 and the Li Lan Wu group of plaintiffs claim to have lost more than $1,480,000. This only serves to confirm that Seller has no qualms about shirking its contractual responsibilities while absconding with other people's money and thus creates an even greater urgency for the Chapter 11 as a necessary vehicle to halt the actions of this recalcitrant Seller.

34.     In view of all of the foregoing attitude, delay is clearly the enemy of the Debtor, making Chapter 11 the best alternative to move this transaction forward.

**Reorganization Strategy**

35.     The Debtor intends to proceed as quickly as the Bankruptcy Court permits, with an adversary proceeding for specific performance and other relief. As necessary, the Debtor

will also move to extend the automatic stay pursuant to Section 105 to include the pending investor litigations, as well as any enforcement action by the Madison Lenders so as to eliminate piecemeal litigation and provide the Bankruptcy Court with jurisdiction over all of the competing interests.

36.     The Madison Lenders are included in this filing as a potential disputed and contingent creditor, along with the other disputed investors so all interested parties can be joined in this bankruptcy case.

37.     Hopefully, the combination of these filings will bring a clear sense of reality to the Seller, and allow the Debtor to close under the Contract promptly.

Dated: New York, NY
       February 19, 2015

                                        /s/ David L. Smith
                                        David L. Smith, Manager


x:\gwfg\new data\yen\word\hs 45 john llc\local rule affidavit 02–20-15 (v1).doc

B4 (Official Form 4) (12/07)

## United States Bankruptcy Court
## Southern District of New York

IN RE:                                                          Case No. _____

HS 45 John LLC                                                  Chapter 11
_____
Debtor(s)

### LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| Madison Realty Capital and Affiliates<br>825 Third Avenue, 37th Floor<br>New York, NY 10022 | | | Contingent<br>Disputed | 48,400,000.00<br>Collateral:<br>0.00<br>Unsecured:<br>48,400,000.00 |
| Mordy and Pinky Sohn<br>PO Box 1168<br>Flushing, NY 11354 | | Loan | | 14,330,000.00 |
| Eastern Consolidated<br>355 Lexington Avenue<br>New York, NY 10017 | | Contract | | 750,000.00 |
| Meridian Capital Inc.<br>One Battery Park Plaza<br>New York, NY 10004 | | Contract | | 700,000.00 |
| Orin Managment Corp.<br>37-04 Parsons Avenue<br>Flushing, NY 11374 | | Services | | 50,000.00 |
| I Dachs & Son<br>1245 W. Broadway<br>PO Box 338<br>Hewlett, NY 11557 | | Insurance | | 30,000.00 |
| Alan Rosenberg<br>23-04 Jerome Ave.<br>Bronx, NY 10468 | | Services | | 10,000.00 |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, [the president *or* other officer *or* an authorized agent of the corporation][*or* a member *or* an authorized agent of the partnership] named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date: __2/19/2015__          Signature: _____

**David L. Smith, Manager**
_____
(Print Name and Title)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                          Chapter 11

HS 45 JOHN, LLC                                                 Case No.

                          Debtor.
-------------------------------------------------------------------x

## SCHEDULE OF EXECUTORY CONTRACTS

       1.    Agreement of Purchase and Sale dated September 19, 2014 to purchase from 45 John Lofts LLC certain real property located at 45 John Street, New York, NY, 10038 known as the 45 John Street Condominium, (Block 78, Lots 1701-1787), together with all related documents and agreements subject thereto.

Dated: New York, New York
       February 19, 2015

                         HS 45 JOHN, LLC

                 By:    _____
                     Name:  David L. Smith
                     Title:   Manager

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In re:                                                          Chapter 11

HS 45 John, LLC,                                                Case No.

                              Debtor.
--------------------------------------------------------------x


## EQUITY INTEREST HOLDERS


The John St. Trust for the benefit of Harry Sohn              100%



Dated: New York, New York
       February 19, 2015

                              HS 45 JOHN, LLC

                              By:  _____
                                   Name:  David L. Smith
                                   Title:   Manager

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

In re:                                                                    Chapter 11

HS 45 JOHN, LLC                                                           Case No.

                                        Debtor.
--------------------------------------------------------------x

## SCHEDULE OF LAWSUITS POTENTIALLY
## IMPACTED BY THE BANKRUPTCY CASE

      1.   <u>Tu Kang Yang and Wing Fung Chau v. 45 John Lofts LLC, Harry Miller and Sam Sprei</u>, Supreme Court of New York, New York County, Index No. 161844/2014.

      2.   <u>Reliable Abstract Co., LLC v. 45 John Lofts, LLC and John Does 1-10</u>, Supreme Court of New York, New York County, Index No. 653850/2014

      3.   <u>Li Lan Wu, aka, Li Lan Liao, aka, Liao Li Lan, Aiyun Chen, and Wing Fung Chau v. 45 John Lofts LLC, Sam Sprei, and Harry Miller, aka Chaim Miller</u>, Supreme Court of New York, New York County, Index No. 150087/2015

Dated:  New York, New York
      February 19, 2015

                 HS 45 JOHN, LLC

                 By:                           
                       Name:  David L. Smith
                       Title:   Manager

B6A (Official Form 6A) (12/07)

IN RE <u>HS 45 John LLC</u>                                                Case No. _____
                          Debtor(s)                                                              (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Entitlement to specific performance to acquire property at 45 John Street, New York, NY pursuant to contract with 45 John Lofts LLC, including assumption of mortgages with total principal balances of $48,400,00. | Right to Purchase Property at 45 John Street | | TBD | TBD |
| | | TOTAL | 0.00 | |

(Report also on Summary of Schedules)

© 1993-2011 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

B6B (Official Form 6B) (12/07)

IN RE HS 45 John LLC _____    Case No. _____
                         Debtor(s)                                      (If known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

© 1993-2011 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Interest Reserve - Flushing Savings Bank** | | 1,100,000.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, include audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

B6B (Official Form 6B) (12/07) - Cont.

IN RE HS 45 John LLC _____    Case No. _____
                    Debtor(s)                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Action agaisnt 45 John Lofts LLC for specific performance and breach of contract.** | | TBD |
| | | **Action for declaratory judgment and fraud against Sam Sprei and Chaim Miller.** | | 20,000,000.00 |
| | | **Potential claims against Madison Realty Capital and affiliates.** | | TBD |
| | | **Title Claim against Old Republic, which insured the Debtor's contract.  Value is calculated without assumption of mortgages.** | | TBD |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE  HS 45 John LLC _____     Case No. _____
                                    Debtor(s)                                                (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | TOTAL | 21,100,000.00 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

_____ 0 continuation sheets attached

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

B6C (Official Form 6C) (04/10)

IN RE HS 45 John LLC _____    Case No. _____
                                    Debtor(s)                                    (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds $146,450. *
(Check one box)
☐ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Not Applicable | | | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

* Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B6D (Official Form 6D) (12/07)

IN RE HS 45 John LLC _____    Case No. _____
　　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**Madison Realty Capital and Affiliates**<br>**825 Third Avenue, 37th Floor**<br>**New York, NY 10022** | | | Existing mortgage on property Debtor is under contract to purchase, and is listed in anticipation of closing on contract<br><br>VALUE $ | X | X | X | 48,400,000.00 | 48,400,000.00 |
| ACCOUNT NO.<br><br><br>VALUE $ | | | | | | | | |
| ACCOUNT NO.<br><br><br>VALUE $ | | | | | | | | |
| ACCOUNT NO.<br><br><br>VALUE $ | | | | | | | | |

_____ **0** continuation sheets attached

|  | | Subtotal<br>(Total of this page) | $ 48,400,000.00 | $ 48,400,000.00 |
|---|---|---|---|---|
|  | | Total<br>(Use only on last page) | $ 48,400,000.00 | $ 48,400,000.00 |
|  | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

© 1993-2011 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

B6E (Official Form 6E) (04/10)

IN RE **HS 45 John LLC** _____    Case No. _____
                        Debtor(s)                                                (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____**1** continuation sheets attached

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/10) - Cont.

IN RE __HS 45 John LLC_____    Case No. _____
                          Debtor(s)                                                    (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Taxes and Other Certain Debts Owed to Governmental Units
(Type of Priority for Claims Listed on This Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Internal Revenue Service**<br>**Centralized Insolvency Operations**<br>**PO Box 7346**<br>**Philadelphia, PA  19101-7346** | | | For Notice Purposes Only | | | | 0.00 | | |
| ACCOUNT NO.<br>**New York City Dept. Of Finance**<br>**345 Adams Street, 3rd Floor**<br>**Brooklyn, NY  11201** | | | For Notice Purposes Only | | | | 0.00 | | |
| ACCOUNT NO.<br>**NYS Dept. Of Taxation**<br>**Bankruptcy/Special Procedure**<br>**P.O. Box 5300**<br>**Albany, NY  12205-0300** | | | For Notice Purposes Only | | | | 0.00 | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |

Sheet no. ____**1** of ____**1** continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Totals of this page) | $ | $ | $ |
| Total (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ | | |
| Total (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | $ |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07)

IN RE <u>HS 45 John LLC</u>                                                                    Case No. _____
                      Debtor(s)                                                  (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Alan Rosenberg<br>23-04 Jerome Ave.<br>Bronx, NY  10468** | | | Plumbing/fire system | | | | 10,000.00 |
| ACCOUNT NO.<br>**Consolidated Edison Company Of NY<br>4 Irving Place, Room 1875-S<br>Attn: Bankruptcy Group<br>New York, NY 10003** | | | Utility services | | X | | TBD |
| ACCOUNT NO.<br>**Eastern Consolidated<br>355 Lexington Avenue<br>New York, NY  10017** | | | Real estate broker | X | X | | 750,000.00 |
| ACCOUNT NO.<br>**I Dachs & Son<br>1245 W. Broadway<br>PO Box 338<br>Hewlett, NY  11557** | | | Insurance broker | | | | 30,000.00 |

<u>  1  </u> continuation sheets attached

Subtotal (Total of this page) $ 790,000.00

Total (Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE <u>HS 45 John LLC</u>                                                    Case No. _____
_____
                    Debtor(s)                                                        (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Li Lan Wu, Aiyun Chen  And Wing Fung Cha<br>C/O Kevin K. Tung, Esq.<br>136-20 38th Avenue, Suite 3D<br>Flushing, NY  11354 | | | | X | X | X | **TBD** |
| ACCOUNT NO.<br>Meridian Capital Inc.<br>One Battery Park Plaza<br>New York, NY  10004 | | | Mortgage broker | X | X | | 700,000.00 |
| ACCOUNT NO.<br>Mordy and Pinky Sohn<br>PO Box 1168<br>Flushing, NY  11354 | | | Loans to fund contract deposit | | | | 14,330,000.00 |
| ACCOUNT NO.<br>Orin Managment Corp.<br>37-04 Parsons Avenue<br>Flushing, NY  11374 | | | Service fees | | | | 50,000.00 |
| ACCOUNT NO.<br>Reliable Abstract Co., LLC<br>266 Broadway, Suite 304<br>New York, NY  11211 | | | | X | X | X | **TBD** |
| ACCOUNT NO.<br>Tu Kang Yang & Wing Fung Chau<br>86-22 Broadway<br>2nd Floor<br>Elmhurst, NY  11373 | | | | X | X | X | **TBD** |
| ACCOUNT NO. | | | | | | | |

Sheet no. __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) | $ **15,080,000.00**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ **15,870,000.00**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6G (Official Form 6G) (12/07)

IN RE <u>HS 45 John LLC</u>                                                    Case No. _____
                                    Debtor(s)                                              (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| 45 John Lofts LLC<br>1324 46th Street<br>Brooklyn, NY  11219 | Agreement of Purchase and Sale dated September 19, 2014 to purchase from 45 John Lofts LLC certain real property located at 45 John Street, New York, NY, 10038 known as the 45 John Street Condominium, (Block 78, Lots 1701-1787), together with all related documents and agreements subject thereto. |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6H (Official Form 6H) (12/07)

IN RE HS 45 John LLC _____     Case No. _____
                       Debtor(s)                                                                 (If known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6 Declaration (Official Form 6 - Declaration) (12/07)

IN RE <u>HS 45 John LLC</u>_____    Case No. _____
                        Debtor(s)                                          (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____    Signature: _____
                                                       Debtor

Date: _____    Signature: _____
                                               (Joint Debtor, if any)
                                         [If joint case, both spouses must sign.]

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____      _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer    Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____
_____
Address

_____      _____
Signature of Bankruptcy Petition Preparer                           Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Manager**_____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the <u>HS 45 John LLC</u>_____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**12** sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _**2/19/2015**_____    Signature: _____

                                       **David L. Smith**
                                            (Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

United States Bankruptcy Court
Southern District of New York

IN RE:                                                                          Case No. _____

HS 45 John LLC _____    Chapter 11 _____
                          Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) hereby verify(ies) that the attached matrix listing creditors is true to the best of my(our) knowledge.


Date: __2/19/2015__          Signature: _____

                                              David L. Smith, Manager                                          Debtor


Date: _____          Signature: _____

                                                                                                    Joint Debtor, if any

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

45 John Lofts LLC
1324 46th Street
Brooklyn, NY  11219


45 John Lofts LLC
236 East 57th Street
13th Floor
New York, NY  10022


Alan Rosenberg
23-04 Jerome Ave.
Bronx, NY  10468


Consolidated Edison Company Of NY
4 Irving Place, Room 1875-S
Attn: Bankruptcy Group
New York, NY  10003


Eastern Consolidated
355 Lexington Avenue
New York, NY  10017


I Dachs & Son
1245 W. Broadway
PO Box 338
Hewlett, NY  11557


Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA  19101-7346


Jerold Feuerstein, Esq.
Kriss & Feurerstein LLP
360 Lexington Avenue
New York, NY  10017

Li Lan Wu, Aiyun Chen  And Wing Fung Cha
C/O Kevin K. Tung, Esq.
136-20 38th Avenue, Suite 3D
Flushing, NY  11354


Madison Realty Capital and Affiliates
825 Third Avenue, 37th Floor
New York, NY  10022


Meridian Capital Inc.
One Battery Park Plaza
New York, NY  10004


Mordy and Pinky Sohn
PO Box 1168
Flushing, NY  11354


New York City Dept. Of Finance
345 Adams Street, 3rd Floor
Brooklyn, NY  11201


NYS Dept. Of Taxation
Bankruptcy/Special Procedure
P.O. Box 5300
Albany, NY  12205-0300


Orin Managment Corp.
37-04 Parsons Avenue
Flushing, NY  11374


Reliable Abstract Co., LLC
266 Broadway, Suite 304
New York, NY  11211

Reliable Abstract Co., LLC
C/O The McShapiro Law Group
One Mero Tech Center, Suite 2001
Brooklyn, NY  11201


SDFS LLC
C/O Madison Realty Capital
825 Third Avenue - 37th Floor
New York, NY  10022


Tu Kang Yang & Wing Fung Chau
86-22 Broadway
2nd Floor
Elmhurst, NY  11373


Tu Kang Yang & Wing Fung Chau
C/O Rina Miles
210 Canal Street, #502
New York, NY  10013


Yisroel S. Schwartz, Esq.
Blaivas & Associates, P.C.
1430 Broadway, Suite 1603
New York, NY  10018

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                              Chapter 11

HS 45 JOHN, LLC                                                     Case No.

                                    Debtor.
-----------------------------------------------------------------x

## RULE 7.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, HS 45 John LLC certifies

that it is a private non-governmental party, and has no corporate parent, affiliates and/or

subsidiaries which are publicly held.

Dated: New York, New York
       February 19, 2015


                          HS 45 JOHN, LLC


              By:    _____
                     Name:  David L. Smith
                     Title:  Manager