KRISS & FEUERSTEIN LLP
360 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 661-2900
Attorneys for Creditor
*SDF81 45 JOHN STREET 1 LLC*
*and SDF81 45 John Street 2 LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| HS 45 John LLC, | Case No. 15-10368 (SHL) |
| Debtor. | Hearing Date: April 1, 2015<br>Hearing Time: 10:00 A.M. |

----------------------------------------------------------x

**AFFIDAVIT OF BRIAN SHATZ**
**IN SUPPORT OF THE MOTION OF SDF81 45 JOHN STREET 1 LLC AND**
**SDF81 45 JOHN STREET 2 LLC FOR RELIEF FROM THE AUTOMATIC STAY**

STATE OF NEW YORK    }
                     } ss.:
COUNTY OF NEW YORK   }

BRIAN SHATZ, being duly sworn, deposes and says:

1. I am the Manager of both SDF81 45 John Street 1 LLC ("SDF1") and SDF81 45 John Street 2 LLC ("SDF2") (collectively, the "SDF Parties") interested parties in the above-captioned bankruptcy proceeding. I am fully familiar with all of the facts and circumstances herein and the events that have transpired to date based upon my review of the files and business records maintained by the SDF Parties in the ordinary course of business.

2. I submit this Affidavit in support of the SDF Parties' Motion for Relief from the Automatic Stay (the "Motion") to permit the SDF Parties to commence a foreclosure action which names the Debtor as a nominal party defendant to extinguish any purported rights that

exist by virtue of a subordinate encumbrance the Debtor recorded against property upon which the SDF Parties hold senior mortgage liens in excess of $50,000,000.00.

3. On or about March 4, 2014, non-debtor, 45 John Lofts LLC ("Borrower") duly made, executed and delivered an Amended and Restated Note (the "Note") in favor of SDF1 in the amount of $39,000,000.00. A copy of the Note is annexed as **Exhibit "A"** hereto.

4. To secure repayment of the indebtedness evidenced by the Note, Borrower made, executed and delivered an Agreement of Spreader, Consolidation and Modification of Mortgage (the "Mortgage" and together with the Note, the "Loan") encumbering the premises known as 45-49 John Street a/k/a 1-5 Dutch Street, New York, New York, Block: 78, Lot: 1701-1787 (the "Property"[1]) in favor of SDF1. The Mortgage was duly recorded in the Office of City Register of the City of New York, New York County (the "Clerk's Office") on March 19, 2014 under CRFN 2014000095063. A copy of the recorded Mortgage is annexed as **Exhibit "B"** hereto.

5. Borrower defaulted under the terms of the Loan by (i) failing to remit the monthly payments of interest due on July 1, 2014 and each month thereafter, (ii) by failing to make the payment of real estate taxes for the Property due on July 1, 2014 and each subsequent payment thereafter as provided for by the terms of the Loan, and (iii) by the Event of Default under the Third Loan (as defined in Paragraph 10 *infra*) which is cross defaulted with the Loan (the "Default").

6. On or about March 4, 2014, Borrower duly made, executed and delivered an Amended and Restated Note ("Second Note") in favor of SDF2 in the amount of $6,000,000.00. A copy of the Second Note is annexed as **Exhibit "C"** hereto.

7. To secure repayment of the indebtedness evidenced by the Second Note, Borrower made, executed and delivered an Agreement of Spreader, Consolidation and

---

[1] Upon information and belief, the Property is unoccupied.

2

Modification of Mortgage "Second Mortgage", together with the Second Note, the "Second Loan") encumbering the Property in favor of SDF2. The Second Mortgage was duly recorded in the Clerk's Office on March 19, 2014 under CRFN 2014000095059. A copy of the Second Mortgage is annexed as **Exhibit "D"** hereto.

8. Borrower defaulted under the terms of the Second Loan by (i) failing to remit the monthly payments of interest due on July 1, 2014 and each month thereafter, (ii) by failing to make the payment of real estate taxes for the Property which was due on July 1, 2014 and each subsequent payment thereafter as provided for by the terms of the Second Loan and (iii) by the Event of Default under the Third Loan which is cross defaulted with the Loan and Second Loan (the "Second Loan Default").

9. On or about March 4, 2014, Borrower duly made, executed and delivered an Amended and Restated Note ("Third Note") in favor of SDF2 in the amount of $4,500,000.00. A copy of the Third Note is annexed as **Exhibit "E"** hereto.

10. To secure repayment of the indebtedness evidenced by the Third Note, Borrower made, executed and delivered an Agreement of Spreader, Consolidation and Modification of Mortgage (the "Third Mortgage" together with the Third Note, the "Third Loan", and together with the First Loan and Second Loan the "Loans") encumbering the Property in favor of SDF2. The Third Mortgage was duly recorded in the Clerk's Office on March 19, 2014 under CRFN 2014000095069. A copy of the Third Mortgage is annexed as **Exhibit "F"** hereto.

11. Borrower defaulted under the terms of the Third Loan by failing to remit the obligations owed under the Third Loan by its maturity date, April 18, 2014 (the "Third Loan Default").

12. As a result of the above referenced defaults, the SDF Parties accelerated the Loans and instructed their counsel to commence a foreclosure action against the Borrower.

13. A search of the public records concerning the Property revealed that on or about September 17, 2014, the Debtor entered into a certain Memorandum of Contract (the "Memorandum") to purchase the Property from Borrower. The Memorandum was recorded in the Clerk's Office under CRFN 2014000364727 on September 17, 2014. A copy of the recorded Memorandum is annexed as **Exhibit "G"** hereto.

14. As the Mortgages were recorded and therefore a matter of public record, Debtor was aware of the SDF Parties' senior lien at the time it executed the Memorandum with Borrower. Further, Debtor would thus be aware of the provisions in the Mortgages providing that upon any transfer of the Property the indebtedness under the Notes and Mortgages without the SDF Parties written consent would constitute an Event of Default under the Loans. *See* Exhibit "B", "D" and "F"; Section 12(c).

15. As a result of the Memorandum, counsel advised that Debtor is a necessary party to an action to foreclose the Mortgages.

16. On February 20, 2015, Debtor filed a petition for relief under chapter 11 of Title 11 of the United States Bankruptcy Code (the "Chapter 11 Proceeding").

17. As discussed more fully in the application submitted herewith in support of the Motion, the SDF Parties are seeking to commence a foreclosure action in which the Debtor is a necessary party due to the recorded Memorandum and seeks an order lifting the automatic stay pursuant to § 362(d)(1) so it may commence a foreclosure action and pursue its rights and remedies under the Notes and recorded Mortgages and to do so it must name the Debtor as a necessary party defendant to extinguish any purported rights that exist as a result of the

Memorandum, which is undisputedly subordinate to the SDF Parties Mortgages.

18.     Simply put, the SDF Parties are not in privity with Debtor, the Debtor does not own the Property, the Property is not part of the Debtor's estate, the SDF Parties are not creditors of the Debtor, the Debtor is not a creditor of the SDF Parties and the SDF Parties received no funds from Debtor or the Borrower after the execution of the Memorandum.

WHEREFORE, your deponent prays that the relief requested in the Notice of Motion be granted in all respects, together with the costs of this motion.

_____
BRIAN SHATZ

Sworn to before me this 6th day of March 2015

_____
Notary Public

JOAN SANTIAGO
NOTARY PUBLIC
STATE OF NEW YORK
#01SA6099098
MY COMMISSION EXP. 9-22-2015