KRISS & FEUERSTEIN LLP
360 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 661-2900
Attorneys for Creditor
*SDF81 45 JOHN STREET 1 LLC*
*and SDF81 45 John Street 2 LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| HS 45 John LLC, | Case No. 15-10368 (SHL) |
| Debtor. | Hearing Date: April 1, 2015<br>Hearing Time: 10:00 A.M. |

---------------------------------------------------------x

**APPLICATION IN SUPPORT OF THE MOTION OF
SDF81 45 JOHN STREET 1 LLC AND SDF81 45 JOHN STREET 2 LLC
FOR RELIEF FROM THE AUTOMATIC STAY**

SDF81 45 John Street 1 LLC ("SDF1") and SDF81 45 John Street 2 LLC ("SDF2") (collectively, the "SDF Parties"), interested parties to this chapter 11 case, by and through their attorneys, Kriss & Feuerstein LLP, hereby set forth their motion for an order granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) in order to pursue their rights and remedies under certain notes and mortgages, respectfully represent as follows:

**BACKGROUND FACTS**

1.   The full factual background of this matter is more fully set forth in the accompanying Affidavit of Brian Shatz (the "Shatz Affidavit"). The facts outlined in the Shatz Affidavit and the terms defined therein are incorporated as if fully set forth herein.

**THE APPLICATION**

2.   As set forth in the Shatz Affidavit, Borrower has not made any payments to the

SDF Parties since July 1, 2014, Borrower defaulted under the Third Loan which is cross defaulted with the Loan and Second Loan, and the SDF Parties did not agree to permit Debtor to assume the existing mortgages.

3. In light of those defaults, the SDF Parties have accelerated the Loans and instructed counsel to commence a foreclosure action against the Borrower.

4. Debtor is a necessary party to such foreclosure action due to the Memorandum between Borrower and Debtor regarding purchase of the Property. RPAPL § 1311.

5. ***The SDF Parties Have Cause to Lift the Automatic Stay.*** The Bankruptcy Code provides for the lifting of the automatic stay for cause. 11 U.S.C. § 362(d). While the Bankruptcy Code does not explicitly define what constitutes "cause" warranting relief under § 362, Bankruptcy Courts in this Circuit have held that cause may be found based on a multitude of un-enumerated factors. *See* 11 U.S.C. § 362(d)(1); *In re Balco Equities, Ltd.*, 312 B.R. 734, 748 (Bankr. S.D.N.Y. 2010); *see also, In re Project Orange Assocs., LLC*, 432 B.R. 89, 112 (Bankr. S.D.N.Y. 2010).

6. Cause exists for lifting the automatic stay here, because Debtor and the SDF Parties are not in privity and do not have any obligations to each other. Debtor is merely a necessary party to any foreclosure proceeding to be brought by the SDF Parties by virtue of its having recorded the Memorandum, which without question is subordinate to the SDF Parties' Mortgages. Thus, the only impact of this bankruptcy proceeding upon the SDF Parties is that it has paused, via the automatic stay, the SDF Parties' right to foreclose upon the Property.

7. Rather than bring its junior claims in State Court, Debtor filed this proceeding and the Adversary Proceeding as a means of utilizing the protections of the automatic stay to gain the relief it seeks while circumventing the SDF Parties' primary lien on the Property. This is an

inequitable result by which this Court of equity cannot abide.

8. Should Debtor seek recovery of any monies paid to Borrower, those breach of contract claims may be brought in a non-bankruptcy forum, rather than in the Bankruptcy Court.

9. **Bad Faith.** Additionally, Debtor's conduct implies bad faith. Bad faith is one of the many factors indicating cause to lift the automatic stay. *See In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992) (lifting automatic stay, noting that "cause may include misconduct and bad faith"). Bad faith exists where the primary function of the bankruptcy petition was to serve as a litigation tact to avoid foreclosure and the dispute could have been fully resolved in a non-bankruptcy forum. *See C-TC 9th Ave. P'Ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1309 (2d Cir. 1997). When a debtor files its petition intending to preserve its assets the filing will still be deemed in bad faith if it is motivated to thwart creditors and escape litigation outside of the bankruptcy courts rather than by a realistic desire to reorganize. *See In re Syndicom Corp.*, 268 B.R. 26, 49-52 (Bankr. S.D.N.Y. 2001).

10. When determining whether a debtor has filed its petition in bad faith a number of factors are to be considered including, among other things, whether (i) the debtor only has one asset which is the subject of a foreclosure action; (ii) the debtor has few unsecured creditors whose claims are small in comparison to the secured creditors' claims; (iii) the debtor's financial condition is essentially a two party dispute which can be resolved in a pending state foreclosure action;. *See C-TC 9th Ave. P'Ship*, 113 F.3d at 1311 (*citing Pleasant Pointe Apartments, Ltd. V. Kentucky Hous. Corp.*, 139 B.R. 828, 832 (W.D. Ky. 1992)); *In re Klevorn*, 181 B.R. 8, 11 (Bankr. N.D.N.Y. 1995).

11. Debtor's schedules demonstrate that the Property, which will be subject to foreclosure, is its only asset; the unsecured claims of $15,870,000.00 are dwarfed by the claim of

over **$60,000,000.00** of the SDF Parties (an affiliate of Secured Creditor Madison Realty Capital and Affiliates listed on Schedule D); and Debtor's financial condition is essentially a two party dispute which can be resolved pending a state foreclosure action. These factors strongly support a finding of bad faith here.

12. *Conclusion.* In light of the clear demonstration of cause, the SDF Parties respectfully request that the Court lift the automatic stay permitting them to proceed with a foreclosure action against Borrower and Debtor. Since there is no privity between the SDF Parties and Debtor, the SDF Parties require relief from the automatic stay which was improperly invoked by Debtor to prevent the SDF Parties from enforcing their rights following Borrower's Default under the Loans.

## NOTICE

13. Notice of this application shall be given to the Debtor, the Office of the United States Trustee and the Debtor's 20 largest creditors, if any.

## NO PREVIOUS APPLICATION

14. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, SDF81 45 John Street 1 LLC and SDF81 45 John Street 2 LLC respectfully request that this Court enter an order pursuant to 11 U.S.C. § 362 granting relief from the automatic stay to pursue their rights and remedies under the Loans, waiving the fourteen (14) day stay imposed by Fed. R. Bank. P. 4001(a)(3), and any such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 9, 2015

                                     KRISS & FEUERSTEIN LLP
                                     *Attorneys for SDF81 45 John Street 1 LLC*

                                       /s/ Jerold C. Feuerstein
                                  _____
                                  Jerold C. Feuerstein, Esq. (JF 9829)
                                  360 Lexington Avenue, Suite 1200
                                  New York, New York 10017
                                  (212) 661-2900
                                  jfeuerstein@kandfllp.com