**Hearing Date:  April 23, 2015, at 10:00 a.m. (EST)**
**Objection Deadline:  April 14, 2015, at 5:00 p.m. (EST)**

ASK LLP
151 West 46th Street, 4th Floor
New York, New York 10036
Tel.: (212) 267-7342
Fax.:  (212) 918-3427
Edward E. Neiger, Esq.
Dina Gielchinsky, Esq.

*Counsel to Sam Sprei and Harry Miller*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HS 45 JOHN LLC,<br><br><div align=center>Debtor.</div> | Chapter 11<br><br>Case No. 15-10368 (SHL) |

**NOTICE OF MOTION FOR ENTRY OF AN ORDER**
**(i) DISMISSING CHAPTER 11 CASE AS A BAD FAITH FILING;**
**(ii) ABSTAINING FROM CHAPTER 11 CASE;**
**AND/OR (iii) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that upon the *Motion for Entry of an Order (i) Dismissing Chapter 11 Case as a Bad Faith Filing; (ii) Abstaining from Chapter 11 Case; and/or (iii) Granting Related Relief* (the "Motion to Dismiss") of Sam Sprei and Harry Miller, Messrs. Sprei and Miller, by and through their counsel, ASK LLP, seek an order from the Honorable Judge Sean H. Lane, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green,  New York, NY 10004-1408, Courtroom 701, on April 23, 2015, at 10:00 a.m. (EST), or as soon thereafter as counsel may be heard, granting the following relief:

      (i)     dismissing the instant chapter 11 case as a bad faith filing pursuant to section 1112(b) of the Bankruptcy Code;

(ii)    abstaining from the chapter 11 case pursuant to section 305 of the
        Bankruptcy Code; and/or

(iii)   granting such other and further relief as this Court may deem just and
        proper.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief

requested herein shall be in writing, shall state with particularity the grounds for the

objection, shall be filed with the Clerk of the Bankruptcy Court and served upon the

undersigned counsel so as to be received no later April 14, 2015, at 5:00 p.m. (EST) and

upon any other person whose interests would be affected if the objection is sustained.

Dated: New York, New York
      March 23, 2015

<div align="center">

**ASK LLP**

</div>

By: /s/ Edward E. Neiger
    Edward E. Neiger, Esq.
    Dina Gielchinsky, Esq.
    151 West 46th Street, 4th Floor
    New York, New York 10036
    Tel.: (212) 267-7342
    Fax: (212) 918-3427

    *Counsel to Sam Sprei and Harry
    Miller*

ASK LLP
151 West 46th Street, 4th Floor
New York, New York 10036
Tel.: (212) 267-7342
Fax.:  (212) 918-3427
Edward E. Neiger, Esq.
Dina Gielchinsky, Esq.

*Counsel to Sam Sprei and Harry Miller*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HS 45 JOHN LLC,<br><br>                   Debtor. | Chapter 11<br><br>Case No. 15-10368 (SHL) |

**MOTION FOR ENTRY OF AN ORDER**
**(i) DISMISSING CHAPTER 11 CASE AS A BAD FAITH FILING;**
**(ii) ABSTAINING FROM CHAPTER 11 CASE;**
**AND/OR (iii) GRANTING RELATED RELIEF**

Sam Sprei and Harry Miller, by and through their counsel, ASK LLP, seek entry

of an order granting the following relief:

(i)      dismissing the instant chapter 11 case as a bad faith filing pursuant to
section 1112(b) of the Bankruptcy Code;

(ii)     abstaining from the chapter 11 case pursuant to section 305 of the
Bankruptcy Code; and/or

(iii)    granting such other and further relief as this Court may deem just and
proper;

and respectfully represent as follows:[1]

---

[1] In the event that the Bankruptcy Court elects not to dismiss this case or abstain from presiding over it,
Messrs. Sprei and Miller reserve their rights to then move this Court to abstain from the adversary
proceeding styled *HS 45 John LLC v. 45 John Lofts LLC, et al.*, Adv. No. 15-01066, pursuant to 28 U.S.C.
§ 1334 and/or remand the adversary proceedings styled *Yang, et al. v. 45 John Lofts LLC, et al.*, Adv. No.
15-01087 and *Dong v. Miller, et al.*, Adv. No. 15-01088 to the New York State Supreme Court pursuant to
28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027.

3

## I.    PRELIMINARY STATEMENT

Simply put, there exists no valid bankruptcy purpose for this chapter 11 case. The above-referenced debtor has no creditors or property unrelated to the contract dispute involving the sale of real property which comprises the crux of this case.  Moreover, the issues underlying the case and adversary proceedings relate solely to state law and were already in the process of expeditious resolution by the New York State Supreme Court (the "State Court").  Any determination to be made by the Bankruptcy Court in this case and related adversary proceeding necessarily requires a determination of state law, which is best construed by state courts.  The Bankruptcy Court should accordingly dismiss the case or abstain from presiding over it, and allow the State Court to continue its proper adjudication.

## II.    PROCEDURAL BACKGROUND

1.      After 45 John Lofts LLC (the "Seller") and HS 45 John LLC (the "Purchaser-Debtor") executed a purchase and sale contract (the "Sale Contract") for the sale of real property (the "Property") on or about September 19, 2014, four different lawsuits were initiated in the State Court against the Seller in which the plaintiffs made claims against the Seller.  The State Court expeditiously addressed the relief requested in each of the cases, and only two are currently pending before the Bankruptcy Court as adversary proceedings.  As described below, one of those two is currently the subject of settlement discussions, and will likely be voluntarily dismissed.

> ### a.    First State Court Lawsuit
> ### (Request for injunction denied and counsel for both parties sought to withdraw before case was removed to the Bankruptcy Court)

2.      The first lawsuit is styled *Tu Kang Yang, et al. v. 45 John Lofts LLC, et al.*, Index No. 161844/2014, and was commenced on December 1, 2014.  The plaintiffs in that action alleged that in return for a loan one of the plaintiffs made to the Seller and

4

Messrs. Sprei and Miller, they were granted membership interests in the Seller, and were therefore entitled to have voted on the sale of the Property. *See* Index No. 161844/2014, *Affidavit in Support of Order to Show Cause*, dated December 9, 2014 [D.I. 2]. The Seller and Messrs. Sprei and Miller responded *inter alia* that the loan was made only to Mr. Sprei, and the plaintiffs were not granted voting interests in the Seller. *See* Index No. 161844/2014, *Memorandum of Law in Opposition to Plaintiff's Application for a Preliminary Injunction and Related Relief*, dated December 31, 2014 [D.I. 8].

3.      On December 15, 2015, State Court denied the plaintiffs' request for interim relief (*see* Index No. 161844/2014, *Order to Show Cause*, dated December 15, 2015 [D.I. 6]), but then granted the plaintiffs' motion for a preliminary injunction enjoining the defendants from selling the Property on January 7, 2015.

4.      Subsequently, the State Court vacated its ruling. *See* Index No. 161844/2014, *Decision and Order*, dated February 9, 2015 [D.I. 20]. Specifically, the State Court held that although the plaintiffs were pledged interests in the Seller by Mr. Sprei, "[t]he fact that the only asset of defendant 34 John Lofts, LLC is the real property located at 45-49 John Street, New York, New York, does not give plaintiff Yang an interest in such real property." *Id.*, p. 2. The State Court continued to hold: "Therefore, while plaintiff Yang has a cognizable cause of action for specific performance against defendant Sprei, and may seek to foreclose on his 45 John Lofts, LLC shares that are in the possession of the escrow agent, plaintiff has no interest in the real property." *Id.*

5.      Counsel for the plaintiffs then sought to withdraw their representation, citing non-payment of legal fees and non-cooperation by the plaintiffs. *See* Index No. 161844/2014, *Order to Show Cause to Withdraw*, dated March 3, 2015 [D.I. 34]. Subsequently, the defendants' counsel also sought to withdraw as counsel, citing non-payment of legal fees. *See* Index No. 161844/2014, *Order to Show Cause to Withdraw*,

dated March 3, 2015 [D.I. 35].  The Purchaser-Debtor, which had moved to intervene in the action, then filed a *Notice of Removal to the United States District Court for the Southern District of New York* on the State Court's docket.  *See* Index No. 161844/2014 [D.I. 38].  The action is currently pending before the Bankruptcy Court as Adversary Proceeding Number 15-01087.

> **b.** **Second State Court Lawsuit**
> **(Request for injunction denied, and case is not pending before the Bankruptcy Court)**

6.      The second lawsuit is styled *Reliable Abstract Co., LLC v. 45 John Lofts, LLC et al.*, Index No. 653850/2014, and was commenced on December 16, 2014.  The plaintiff in that action, an unsecured creditor which had made a loan to the Seller's principals, requested an injunction against the sale of the Property.  *See* Index No. 653850/2014, *Order to Show Cause for a Temporary Restraining Order, Preliminary Injunction, Receiver, and/or Attachment*, dated December 16, 2014 [D.I. 22].  The Seller responded *inter alia* that (i) the plaintiff could not seek relief against it, as the loan was made to its principals, (ii) the plaintiff had no rights to the Property, and (iii) to the extent that the plaintiff had a claim against Mr. Sprei, that claim was subject to offset by virtue of amounts owed to Mr. Sprei by the plaintiff.  *See* Index No. 653850/2014, *Memorandum of Law in Opposition to Plaintiff's Application for a Preliminary Injunction and Related Relief*, dated January 13, 2015 [D.I. 26].

7.      On the same day that the plaintiffs requested an injunction, the State Court denied interim relief and scheduled a hearing on the matter.  *See* Index No. 653850/2014, *Order to Show Cause*, dated December 16, 2014 [D.I. 22].  In a *Decision and Order* dated February 2, 2015, the State Court then denied the plaintiff's request for an injunction.  *See* Index No. 653850/2014 [D.I. 29].  The case has not been removed to the Bankruptcy Court.

      **c.**     **Third State Court Lawsuit**
                     **(Case not pending before the Bankruptcy Court)**

8.      The third lawsuit is styled *Li Lan Wu, et al. v. 45 John Lofts LLC, et al.*, Index No. 150087/2015, and was commenced on January 5, 2015. One of the same plaintiffs in the first lawsuit, along with another plaintiff, alleged that in return for a loan to the Seller, they were granted membership interests in the Seller. *See* Index No. 150087/2015, *Verified Complaint* [D.I. 1]. The plaintiffs then filed a Notice of Pendency against the Property. *See* Index No. 150087/2015 [D.I. 2].

9.      The Purchaser-Debtor moved to intervene and filed a *Notice of Removal to the United States District Court for the Southern District of New York for Automatic Referral to the United States Bankruptcy Court for the Southern District of New York. See* Index No. 150087/2015 [D.I. 3, 12]. This lawsuit, however, was not referred to the Bankruptcy Court.

      **d.**     **State Court Lawsuit Currently in Settlement Discussions**

10.     There exists one more lawsuit in respect of the Property, styled *Chun Peter Dong, individually and derivatively on behalf of 45 John Lofts LLC v. Chaim Miller a/k/a Harry Miller, Sam Sprei, HS 45 John LLC, Quick Title Search LLC and Abraham Teitelbaum*, Index No. 650502/2015. In that action, Mr. Dong, a 32% member of the Seller, alleged that he was entitled to have voted on the sale of the Property, but was not given the opportunity to do so. *See* Index. No. 650502/2015, *Affidavit in Support of Motion for Preliminary Injunction and Temporary Restraining Order*, dated February 24, 2015 [D.I. 10]. Mr. Dong accordingly moved to enjoin the sale of the Property and to prevent Messrs. Sprei and Miller from taking any action on behalf of the Seller without his consent.

11.     The State Court granted the temporary restraining order on February 25, 2015. *See* Index. No. 650502/2015, *Order to Show Cause with Request for Interim Relief*

7

[D.I. 18.]   This action was removed to the District Court and then transferred to the Bankruptcy Court, where it is currently styled as Adversary Proceeding No. 15-01088.

12.     On March 20, 2015, the Bankruptcy Court extended the temporary restraining order to April 2, 2015.  *See* Adv. No. 15-01088, *Order Extending Temporary Restraining Order* [D.I. 6].  The order entered by this Bankruptcy Court restricts Messrs. Sprei and Miller from "executing any deed, agreement or other document in connection with or in furtherance of the Agreement."  *Id.*  Accordingly, although Messrs. Sprei, Miller and Dong have entered into negotiations concerning Mr. Dong's voluntary dismissal of Adversary Proceeding No. 15-01088, any agreement reached will be subject to the approval of the Bankruptcy Court.

## III.    LEGAL ARGUMENT

### a.    The Bankruptcy Case Should be Dismissed as a Bad Faith Filing Pursuant to 11 U.S.C. § 1112(b)

13.     Chapter 11 bankruptcy petitions are subject to dismissal under 11 U.S.C. § 1112(b) unless filed in good faith for "cause."  *See Bepco, L.P. v. 15375 Memorial Corporation (In re 15375 Memorial Corp.)*, 400 B.R. 420, 426 (D. Del. 2009).  Section 1112(b) lists ten example of what may constitute "cause," but the list is not exhaustive.  *See In re Cardi Ventures, Inc.*, 59 B.R. 18, 21 (Bankr. S.D.N.Y. 1995).  The legislative history of the section explains that:

> [t]he court will be able to consider other factors [than the ten listed in Section 1112(b)] as they arise, and use its equitable powers to reach an appropriate result in individual cases.  What constitutes cause under Section 1112(b) is subject to judicial discretion under the circumstances of each case.

*In re NANCANT, INC.*, 8 B.R. 1005, 1006 (Bankr. D. Mass. 1981); *In re HBA East, Inc.*, 87 B.R. 248, 258 (Bankr. E.D.N.Y. 1988) (chapter 11 case may be dismissed for any

reason "cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy reorganization process.").

14.     The debtor bears the burden of establishing good faith.  *See In re 15375 Memorial Corp.*, 400 B.R. 420, 426-27.  Two questions relevant to the good faith inquiry are: "(1) whether the petition serves a valid bankruptcy purpose, e.g., by preserving a going concern or maximizing the value of the debtor's estate, and (2) whether the petition is filed merely to obtain a tactical litigation advantage." *Id*. at 427.

15.     In analyzing these questions, the District Court for the District of Delaware in *In re 15375 Memorial Corp* held that debtors may not file bankruptcy for the sole purpose of obtaining the benefit of an automatic stay or to efficiently distribute their assets. *See id*. at 428.  Rather, any plan filed by a debtor "must evidence good faith, i.e., it 'must serve a valid bankruptcy purpose.'"  *See id*. at 428 (citing *NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.)*, 384 F.3d 108, 120 n.4 (3d Cir. 2004)).  The court in *Memorial Corp*. therefore held that a holding company with no business purpose other than to act as the sole shareholder of another dissolving company which filed for bankruptcy as a litigation tactic to avoid liability had done so in bad faith.  *See id*. at 429.

16.     The Court of Appeals for the Third Circuit in *Integrated Telecom Express* similarly dismissed a chapter 11 filing by a commercial tenant which filed for bankruptcy in order to cap its landlord's damages claim, as the debtor was financially healthy, had no intention of reorganizing or liquidating as going concern, and had no reasonable expectation that its chapter 11 case would maximize the value of its estate for creditors. *See In re Integrated Telecom Express, Inc.*, 384 F.3d 108.

17.     Here, the Purchaser-Debtor is a special purpose limited liability company formed to purchase the Property.  *See* Case No. 15-10368, *Debtor's Declaration*

9

*Pursuant to Local Bankruptcy Rule 1007-2*, ¶ 4 [D.I. 1].  The Purchaser-Debtor's basis for filing its case is to utilize the "fast-track" employed by bankruptcy courts and also to employ 11 U.S.C. § 365's provisions for assuming executory contracts and unexpired leases.  *See id.*, ¶¶ 12-14.   The Purchaser-Debtor additionally maintains that "many" parties have "instituted separate lawsuits … asserting contradicting and competing claims concerning the Contract and the resulting sale proceeds, and these should all be resolved in the Bankruptcy Court."  *See Tu Kang Yang, et al. v. 45 John Lofts LLC, et al.*, Case No. 15-01696, Declaration in Support of Removal, dated March 6, 2015 ¶¶ 6, 8 [D.I. 1].

18.     Regarding the first basis for filing bankruptcy, however, courts warn that "dissatisfaction with another court's rulings, ***or the perceived untimeliness of rulings***, is not a reason to file a bankruptcy case."  *In re Jr. Food Mart of Arkansas, Inc.*, 241 B.R. 423, 427 (Bankr. E.D. Ark. 1999) (emphasis added).   "Indeed, such a filing may constitute an abuse of the bankruptcy process. It is not the province of the bankruptcy court to either oversee or manage a case more properly within the purview of the state courts simply because a party to litigation is dissatisfied for procedural or other reasons."  *Id*.  The Purchaser-Debtor's attempt to use the Bankruptcy Court for its expedited consideration therefore does not constitute a valid bankruptcy purpose.   Moreover, the Purchaser-Debtor has not demonstrated that the State Court will not continue to resolve the actions commenced before it in an expeditious manner as it has already done.

19.     With respect to the Purchaser-Debtor's second basis for filing bankruptcy, a debtor may not utilize 11 U.S.C. § 365 until it is determined that the subject contract or lease is valid.   Such a determination is made pursuant to state law (*see In re III Enterprises, Inc. V.*, 163 B.R. 453, 459 (Bankr. E.D. Pa. 1994)), and bankruptcy courts commonly recognize that state courts are best equipped to interpret state law.  *See Brown v. JP Morgan Chase Bank, N.A.*, Adv. Pro. No 12-174, 2013 WL 6923070, *3 (M.D. Fla.

November 15, 2013) (affirming dismissal of case where bankruptcy court determined that the appellants' mortgage and foreclosure issues were matters of state law that were best left to the state courts); *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987) (finding that "cause" exists under 11 U.S.C. § 1112(b) where "the issues involved were matters of state law best decided by the state courts"). Here, all of the creditors and property cited by the Purchaser-Debtor pertain to the Property. *See* Case No. 15-10368, *Schedules* [D.I. 1]. Once the State Court determines whether the purchase and sale agreement was valid, the interests of all of the "creditors" listed by the Purchaser-Debtor will also be determined.

20.    The third basis for filing bankruptcy presented by the Purchaser-Debtor also fails. The Purchaser-Debtor would have the Bankruptcy Court believe that the State Court cannot resolve the numerous competing claims to the Property, when in fact, only two of the lawsuits filed in the State Court are currently pending before the Bankruptcy Court. In the first, *Tu Kang Yang, et al. v. 45 John Lofts LLC, et al.*, Adv. No. 15-01087, the State Court had denied the plaintiffs' request for an injunction, following which counsel for both parties sought to withdraw as attorneys due to non-payment of legal fees and non-cooperation by the clients. This action does not serve as an example of the "contradicting and competing claims" manufactured by the Purchaser-Debtor. The second lawsuit now pending before the Bankruptcy Court, *Dong v. Miller*, Adv. No. 15-01088, is in settlement discussions and will likely be voluntarily dismissed.

21.    The Purchaser-Debtor accordingly has no valid bankruptcy purpose in remaining in this chapter 11 case when its rights are more properly resolved in the State Court.

**b.    The Bankruptcy Case Should Abstain From Presiding
Over the Chapter 11 Case Pursuant to 11 U.S.C. § 305**

22.    Dismissal of this chapter 11 case is alternatively warranted under 11 U.S.C. § 305, which provides in pertinent part:

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if –

(1)    In the interests of creditors and the debtor would be better served by such dismissal or suspension; . . .

23.    Courts look at various factors in determining whether cause exists warranting dismissal under section 305, including the following: (i) economy and efficiency of administration; (ii) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in a state court; (iii) whether federal proceedings are necessary to reach a just and equitable solution; (iv) whether there is an alternative means of achieving the equitable distribution of assets; (v) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case; (vi) either a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (vii) the purpose for which bankruptcy jurisdiction has been sought.  *See In Fax Station, Inc*., 118 B.R. 176, 177 (Bankr. D.R.I. 1990).

24.    As detailed above, an alternative forum exists in which the lawsuits commenced concerning the Property will be resolved.  Specifically, the two State Court actions currently pending before the Bankruptcy Court as adversary proceedings were already in the process of being adjudicated by the State Court, and one is the subject of negotiations which will likely lead to a voluntary dismissal.  *See In NRG Energy, Inc.*, 294 B.R. 71 (Bankr. D. Minn. 2003) (dismissing an involuntary chapter 11 case because the company was in the process of negotiating restructuring agreements with its various creditor constituencies); *In re Cincinnati Gear Co.*, 304 B.R. 784 (Bankr. S.D. Ohio

12

2003) (dismissing a chapter 7 case on the grounds that the interests of creditors were no better, and perhaps worse, served in bankruptcy in light of the fact that the debtor's only assets were lawsuits which could be determined in state court).

25.    Indeed, the State Court is the best forum in which to determine the most pivotal issue presented in the Bankruptcy Court: whether the purchase and sale agreement for the Property is valid.    This issue is purely one of state law, and has nothing whatsoever to do with Title 11.    Accordingly, the continued pendency of this case before the Bankruptcy Court would not be a reasonable exercise of the jurisdiction of the Court, and as such, the case must be dismissed pursuant to Section 305 of the Bankruptcy Code.

## IV.    CONCLUSION

**WHEREFORE,** it is respectfully requested that this Court enter an order dismissing the chapter 11 case pursuant to sections 1112(b) and/or 305 of the Bankruptcy Code, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        March 23, 2015

<div align="center">

**ASK LLP**

</div>

By:  /s/ Edward E. Neiger
        Edward E. Neiger, Esq.
        Dina Gielchinsky, Esq.
        151 West 46th Street, 4th Floor
        New York, New York 10036
        Tel.: (212) 267-7342
        Fax:  (212) 918-3427

*Counsel to Sam Sprei and Harry Miller*