UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
In re:

HS 45 JOHN LLC,

                     Debtor.

Chapter 11

Case No.: 15-10368 (SHL)

-------------------------------------------------------------- X

CHUN PETER DONG, INDIVIDUALLY AND
DERIVATIVELY ON BEHALF OF 45 JOHN
LOFTS, LLC,

                     Plaintiffs,

         -against-

CHAIM MILLER A/K/A HARRY MILLER,
SAM SPREI, HS 45 JOHN LLC, QUICK TITLE
SEARCH LLC, AND ABRAHAM
TEITELBAUM,

                     Defendants.

Adv. Pro. No.

15-01088 (SHL)

-------------------------------------------------------------- X

**CONSENT ORDER GRANTING PLAINTIFFS'
MOTION FOR A PRELIMINARY INJUNCTION**

The above captioned action having been initially commenced on or about February 25, 2015 in the Supreme Court of the State of New York, County of New York, entitled: Chun Peter Dong, individually and derivatively on behalf of 45 John Lofts LLC, (collectively the "**Plaintiffs**") v. Chaim Miller a/k/a Harry Miller, Sam Sprei, HS 45 John LLC, Quick Title Search LLC and Abraham Teitelbaum (collectively the "**Defendants**"), Index No. 650502/2015 (the "**State Court Action**") before the Honorable Shirley Werner Kornreich, J.S.C.

**FINDINGS:**

WHEREAS, Judge Kornreich having entered an Order to Show Cause ("**Order to Show Cause**") dated February 25, 2015 (the "**TRO**"), enjoining and restraining: (a) Defendants Miller

411423-3

and Sprei from taking any affirmative action, performing any act, and executing any deed or agreement, as a Manager of, or otherwise on behalf of, 45 John Lofts LLC, without the prior written consent of Plaintiff Chun Peter Dong; (b) Defendants Miller and Sprei from executing any deed, agreement or other document in connection with or in furtherance of a certain "Agreement of Purchase and Sale" dated on or about September 17, 2014 between Plaintiff 45 John Lofts LLC and the Debtor (the "**Agreement**"); and (c) Defendants Quick Title Search LLC and Teitelbaum from disbursing, releasing or encumbering all or any portion of the sum of $12,453,980, allegedly received on behalf of Defendant Miller (and all interest accrued or accruing thereon) in the possession and/or under the control of such Defendants (the "**Funds**"); and

WHEREAS, the Order to Show Cause scheduled a hearing on Plaintiffs' motion for a preliminary injunction; and

WHEREAS, the State Court Action having been removed by the Debtor, by a Notice of Removal To The United States District Court filed on March 6, 2015 (Bkrcy Docket #13) from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York (Buchwald, U.S.D.J), and thereafter referred to this Court as Adversary Proceeding Number 15-01088 (SHL) (the **"Adversary Proceeding"**) pursuant to 28 U.S.C. §§ 1334, 1446, 1452, Rule 9027 of the Rules of Bankruptcy Procedure, and the Amended Standing Order of Reference of the Honorable Loretta A. Preska, Chief Judge of the United States District Court, dated January 31, 2012; and

WHEREAS, Silverman Shin Byrne & Gilchrest PLLC, attorneys for the Plaintiffs, requested a conference before this Court with respect to the continuation of the TRO (Bkrcy Docket #14) in order to maintain the *status quo* pending a further hearing; and

WHEREAS, following a telephone conference attended by all counsel for the parties to the Adversary Proceeding except for Defendant Chaim Miller a/k/a Harry Miller, this Court issued an Order dated March 20, 2015 (Bkrcy Docket #16) extending the TRO through April 2, 2015; and

WHEREAS, all parties to the Adversary Proceeding have consented to the terms of an Order of Preliminary Injunction set forth below without prejudice to the claims or rights of all parties in the Adversary Proceeding; and

WHEREAS, upon the record before the Court, including the Affidavit of Chun Peter Dong in Support of Motion for Preliminary Injunction and Temporary Restraining Order, dated Feb. 18, 2015 (Bkrcy Docket No. 13, Part 6), and

WHEREAS, it appearing that the Defendants consent to the entry of the instant Preliminary Injunction Order subject to the terms herein, and

WHEREAS, based on *the entire record of the case before the Court, including the TRO entered by this Court on March 20, 2015 (Bkrcy Docket # 16)* and the consent of the parties and *the* desire to preserve the status quo, the Court finds that Plaintiffs have satisfied the requirements for a preliminary injunction, which are (1) probable success on the merits and irreparable injury, or (2) sufficiently serious questions as to the merits which constitute fair grounds for litigation and the balance of the hardships tips decidedly to the party requesting relief all without prejudice to the Debtor's claims or rights in the Adversary Proceeding, however ~~these interim findings as provided herein~~ *this order* shall not be ~~deemed law of the case nor~~ considered a waiver of claims, rights or interests of any party to ~~contest these interim findings,~~ *revisit these issues in the future,* and

411423-3                                  3

WHEREAS, the Court further finds that an undertaking by Plaintiffs is not currently required based upon the facts of this case and without prejudice to any party's rights and subject to further order of this Court; now therefore it is hereby;

**ORDERED**, that the above findings are incorporated herein as if fully set forth herein at length, and it is further

**ORDERED,** that, pending resolution of the Adversary Proceeding, or (ii) other order of the Court:  (a) Defendants Miller and Sprei, and all those who are in active concert or participation with either or both of them and who have received actual notice in accordance with Federal Rule of Civil Procedure 65, are enjoined and restrained from (i) taking any affirmative action, performing any act, and executing any deed or agreement, as a Manager of, or otherwise on behalf of, 45 John Lofts LLC; and (ii) executing any deed, agreement or other document in connection with or in furtherance of the Agreement; and (b) Defendants Quick Title Search LLC and Teitelbaum, and all those who are in active concert or participation with either or both of them, are enjoined and restrained from (1) disbursing or releasing any funds to or for the benefit of 45 John Lofts LLC, Sam Sprei or Chaim Miller a/k/a Harry Miller, or (ii) disbursing, releasing or encumbering the Funds, including interest accrued or accruing thereon, to the extent that the Funds or any portion thereof came into their possession, custody or control, or were received directly or indirectly, from 45 John Lofts, LLC or HS 45 John LLC or any affiliate, member, employee, agent or representative of either limited liability company or from Sam Sprei and/or Chaim Miller a/k/a Harry Miller or any employee, agent or representative of either Sprei or Miller or of any company with which either is or was then affiliated (the "**Preliminary Injunction**"); and it is further

**ORDERED**, that this Order shall continue in full force and effect pending further Order of the Bankruptcy Court or Order of such other Court of competent jurisdiction, and it is further

**ORDERED**, that while the defendants Quick Title Search LLC and Teitelbaum consent to the entry of this Order, nothing in this Order shall be deemed an admission by the Defendants Quick Title Search LLC and Teitelbaum or a determination by this Court, that they are in possession, custody or control, of any funds which may be subject to the instant Preliminary Injunction, and it is further

**ORDERED,** that entry of this Order is meant to maintain the *status quo* pending a further determination of all parties' rights, and interests, and that except for the consent to jurisdiction with respect to the entry and enforcement of this Order, nothing in this Order shall be deemed an admission, waiver, or consent to the jurisdiction of the Bankruptcy Court with respect to any other matter, with all such rights being expressly preserved, and it is further

**ORDERED** that nothing in this Order shall be deemed or interpreted to prohibit or prevent the parties from negotiating a global settlement of this Adversary Proceeding and effecting said settlement subject to notice and Bankruptcy Court approval as may be appropriate under the circumstances and it is further

**ORDERED** that nothing in this Order shall be deemed or interpreted to prohibit or prevent Plaintiff Chun Peter Dong from entering into a settlement with any of the Defendants in any of the Adversary Proceedings (defined herein) besides the Debtor, in which case the non-Debtor parties to the Adversary Proceedings may take the position that Bankruptcy Court approval is not required for a settlement between the non-Debtor parties, but nonetheless agree that notice of such executed settlement in the form of a summary term sheet not including economic terms will be given to the parties to this Adversary Proceeding and to the other parties

to the other adversary proceedings currently pending before this Court which relate to the Debtor's bankruptcy case, styled (i) *HS 45 John LLC v. 45 John Lofts LLC et al.*, Adv. No. 15-01066 (SHL), (ii) *Yang et al. v. 45 John Lofts LLC, et al.*, Adv. No. 15-01087 (SHL), and (iii) *45 John LLC et al. v. 45 John Lofts LLC et al.*, Adv. No. 15-01090 (SHL) (collectively, and with the Adversary Proceeding, the "**Adversary Proceedings**", and, collectively, the "**Notice Parties**"), and if any of the Notice Parties wishes to object to the executed settlement, it must request an expedited hearing from the Bankruptcy Court via letter on notice to all parties within three business days of receiving the summary of settlement to be held as soon as the Bankruptcy Court's calendar permits and subject to the Bankruptcy Court's availability, at which hearing it shall bear the burden of proof of demonstrating to the Bankruptcy Court (i) why it is entitled to object and (ii) that the settlement prejudices the bankruptcy estate in contravention of applicable bankruptcy law, failing which the non-objecting Notice Parties will be deemed to have waived their rights (which are derived solely from this Order) to object to the settlement, and it is further

**ORDERED**, that plaintiffs' counsel shall serve a copy of this Order upon all counsel under applicable law as appropriate including email where appropriate (*see* Fed. Rul. Civ. Pro. 5).

Dated: New York, New York
April 1, 2015

                                      */s/ Sean H. Lane*
                                      UNITED STATES BANKRUPTCY JUDGE