UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                    Chapter 11

HS 45 JOHN LLC,                                           Case No. 15-10368 (SHL)

                    Debtor.
-------------------------------------------------------x

## MOTION FOR ORDER (A) CONDITIONALLY APPROVING THE REVISED DISCLOSURE STATEMENT; (B) SCHEDULING AN EXPEDITED COMBINED HEARING TO CONSIDER FINAL APPROVAL OF THE REVISED DISCLOSURE STATEMENT AND CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION; AND (C) APPROVING NOTICE PROCEDURES RELATING THERETO

HS 45 John LLC (the "Debtor"), as and for its motion for an order (a) conditionally approving the Revised Disclosure Statement filed herein (ECF #160) (the "Revised Disclosure Statement"); (B) scheduling a combined hearing on an expedited schedule to consider final approval of the Revised Disclosure Statement, and confirmation of the Debtor's Chapter 11 Plan of Reorganization (ECF #158) (the "Plan"); and (c) approving notice procedures relating thereto; respectfully represents:

### Background

1. On February 20, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. The primary focus of this Chapter 11 case has been to resolve the competing claims and counterclaims arising out of the Debtor's contract to purchase real property located at 45 John Street, New York, NY (the "John Street Property").

3. By Order dated November 9, 2015 (ECF #156) (the "Approval Order"), this Court approved a global settlement (the "Settlement Agreement") resolving the various

disputes, to be effectuated through the sale of the John Street Property, with the proceeds to be distributed to various creditors and other parties-in-interest in accordance with the waterfalls established under the Settlement Agreement.

4.  An auction has been scheduled for December 2, 2015, at which time the Debtor will solicit higher and better offers to a stalking horse offer of $73 million. Under the terms of the Settlement Agreement and the Approval Order, the closing on the sale will be on or before December 30, 2015, but absolutely no later than January 20, 2016 (time of the essence).

5.  To preserve the Debtor's entitlement to the transfer tax exemptions under Section 1146(a) of the Bankruptcy Code, it is necessary that the Plan be confirmed prior to the closing on the sale. To that end, the Plan provides as a condition precedent that Plan must be confirmed prior to December 11, 2015.

6.  In light of the foregoing, the Debtor filed the Plan and an accompanying disclosure statement on November 9, 2015. The disclosure statement was subsequently revised to correct a minor misstatement relating to the treatment of Reliable Abstract in the event the final purchase price exceeds $80 million.

### Relief Requested

7.  To insure that the Plan is confirmed with the requisite time frame, the Debtor seeks the entry of the pre-fixed order conditionally approving the Revised Disclosure Statement and scheduling a combined hearing on an expedited basis to consider final approval of the Revised Disclosure Statement and confirmation of the Plan.

8.  Section 105(d)(2)(B) provides that the Court may issue any order "deem[ed] appropriate insure that the case is handled expeditiously and economically" including

orders scheduling voting on a plan, providing for a combined hearing on confirmation and the disclosure statement, and fixing the scope and format of notice of the hearing.

9. Pursuant to Section 1125 of the Bankruptcy Code, a debtor-in-possession must provide its impaired classes of claims with "adequate information" regarding the proposed so that they may make an informed decision. In this regard, Section 1125(a)(1) provides:

> '[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan. . . .

11 U.S.C. §1125(a)(1). Thus, a disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by impaired creditors and equity interest holders entitled to vote on the Chapter 11 plan. *See*, In re Momentum Mfg. Corp., 25 F.3d 1132, 1136 (2d Cir. 1994); In re Ionosphere Clubs, Inc., 179 B.R. 24, 29 (Bankr. S.D.N.Y. 1995)("adequate information is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties" *quoting* In re Copy Crafters Quickprint, Inc., 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988)); In re Dakota Rail, Inc., 104 B.R. 138, 142 (Bankr. D. Minn. 1989); Kirk v. Texaco, Inc., 82 B.R. 678, 681 (S.D.N.Y. 1988).

10. The Debtor submits that, in this instance, the Disclosure Statement does in fact contain adequate information within the meaning of Section 1125 of the Bankruptcy Code, and should be conditionally approved, subject to final approval at the combined hearing, and the filing of any necessary supplements prior thereto.

11. Moreover Bankruptcy Rule 9006 expressly permits the Court to shorten the notice period fixed by Bankruptcy Rules 2002(b), 3016, 3017 and 9019 for providing notice

and opportunity to creditors and other parties in interest to review and be heard with respect to confirmation of the Plan and approval of the Revised Disclosure Statement.

12. In furtherance of the combined hearing, the Debtor proposes to provide a solicitation package (the "Solicitation Package") consisting copies of the following: of (a) a conformed copy of the pre-fixed Scheduling Order; (b) the Revised Disclosure Statement; (c) the Plan; and (d) a ballot of use by the creditors in voting on the Plan. The solicitation package shall be sent to (1) all creditors which filed proofs of claim or are listed as creditors in the Debtor's schedules; (2) the Office of the United States Trustee; (3) all parties in interest who have filed a request for notice pursuant to Bankruptcy Rule 2002; and (4) all signatories to the Settlement Agreement.

**WHEREFORE**, the Debtor respectfully requests entry of the pre-fixed order granting the relief sought herein and such other and further relief as is just and proper.

Dated: New York, New York
November 12, 2015

> GOLDBERG WEPRIN
> FINKEL GOLDSTEIN, LLP
> Attorneys for the Debtor
> 1501 Broadway, 22nd Floor
> New York, New York 10036
> (212) 221-5700
>
> By: _____
> J. Ted Donovan, Esq.